UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                                 Case No. DG 09-11476

SHARON L. BUCHNER,                 Hon. Scott W. Dales

                                                 Chapter 7

          Debtor.

_____/

MARCIA R. MEOLI,

                                                 Adversary Pro. No. 11-80110

          Plaintiff,

v.

NATALIE L. CHRISTIAN,

          Defendant.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                       Chief United States Bankruptcy Judge

On June 22, 2011, the court entered a default judgment (the "Judgment," DN 7) in favor of chapter 7 trustee Marcia R. Meoli (the "Plaintiff") and against Natalie L. Christian (the "Defendant") in the amount of $71,200.0 plus costs and post-judgment interest. The Plaintiff has pursued post-judgment collection efforts primarily by obtaining writs of garnishment, but also by writ of execution including by filing a Request and [proposed] Order to Seize Property with the court on April 17, 2015 (the "Request").

As a federal court, the United States Bankruptcy Court for the Western District of Michigan employs the judgment collection procedures of the forum state, in this case Michigan, pursuant to Fed. R. Bankr. P. 7069 and Fed. R. Civ. P. 69. As a matter of

convenience, the court makes available to litigants several post-judgment forms, including garnishment and execution forms, which are based on state court forms but modified, slightly, to fit the bankruptcy court's needs. For example, this court's form "Request and Order to Seize Property," like its state court prototype, is addressed to "any sheriff, deputy sheriff, or court officer," in recognition of the state practice that generally looks to these state officials to participate in the judgment execution process. Nevertheless, to assuage the court's concerns under the Tenth Amendment to the United States Constitution, the court's modified form "authorizes" rather than "directs" the enumerated state or local officers to execute the writ, if they so elect. Under our system of government, one sovereign should not hijack the agents of another.

The process has worked well for many years without controversy, at least until last month when the United States District Court for the Eastern District of Michigan called the practice into question. More specifically, the District Court in *Hauk v. Valdivia (In re Valdivia)*, Slip Op. 14-14429, 2015 WL 1015127 (E.D. Mich. March 3, 2015), affirmed a bankruptcy judge's refusal to direct a writ of execution to state officials rather than to the United States Marshal, based on the court's reading of 28 U.S.C. § 566(c). In effect, the courts in the Eastern District of Michigan read that statute as making the United States Marshal the exclusive agent for executing federal writs.

After carefully considering the *Valdivia* opinion, and conducting independent research, the court respectfully declines to follow *Valdivia*, and will continue its practice of authorizing (though not directing) state officials (or other appointees) to execute the court's writs in conformance with Michigan practice.

In reaching this decision, the court primarily relies on the Sixth Circuit's opinion in *Apostolic Pentecostal Church v Colbert*, 164 F.3d 409 (6th Cir. 1999), which upheld the service of a writ of garnishment by an agent of a judgment creditor (rather than the United States Marshal or deputy) on the ground that such service comports with state practice and procedure under Fed. R. Civ. P. 69.   In so doing, the Sixth Circuit specifically rejected the argument that 28 U.S.C. § 566(c) makes the United States Marshal the exclusive agent for service of federal writs.   Although the *Colbert* opinion involved a writ of garnishment rather than execution, its rationale is equally applicable to both types of writs.

Naturally, successful litigants with judgments from this court remain free to ask the court to direct the United States Marshal to execute the court's writs under 28 U.S.C. § 566(c), and equally free (if not encouraged) to domesticate the court's judgments pursuant to the Uniform Enforcement of Foreign Judgments Act, M.C.L. § 691.1171 *et seq.*, before pursuing execution.   Indeed, it seems likely that, upon domestication, the state courts and local sheriffs' departments are better-equipped to conduct post-judgment proceedings (with forms, procedures, and expertise) than the bankruptcy court and the United States Marshals Service.   Nevertheless, the bankruptcy court has authority to enforce its judgments, and will do so upon request.

The court has reviewed the Request and finds it regular in all respects.   The debt represented by the Judgment remains unpaid according to the Plaintiff's verification, and the Plaintiff is presumptively entitled to collect it.   For this reason, and those set forth above, the court will sign the Request as presented.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall enter the Request on the docket in this adversary proceeding, after the court signs it, and return certified copies to the Plaintiff for service in accordance with applicable state practice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Marcia R. Meoli, Esq., Natalie L. Christian, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Dated April 22, 2015



Scott W. Dales
United States Bankruptcy Judge